# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**COMPLEAT HOSPITALITY**                          **CIVIL ACTION**
**MANAGEMENT, LLC**

**VERSUS**                                        **NO. 23-4032**

**INDEPENDENT SPECIALTY**
**INSURANCE COMPANY, ET AL.**                     **SECTION "O"**

## <u>ORDER AND REASONS</u>

Before the Court in this first-party-insurance case is the motion[1] of Defendants Independent Specialty Insurance Company and Certain Underwriters at Lloyd's, London, under Policy Number B604510568622021, to compel arbitration and stay Plaintiff Compleat Hospitality Management, LLC's lawsuit under the Convention on the Recognition of Foreign Arbitral Awards and the Federal Arbitration Act. Plaintiff principally responds that the arbitration agreement in Defendants' insurance policy is "invalid" under a Louisiana law that generally bars arbitration agreements in insurance contracts. *See* LA. STAT. ANN. § 22:868. Because Section 22:868 "is preempted by the Convention," however, Section 22:868 "does not and cannot apply to [Defendants'] policy." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Br.*, 923 F.3d 427, 432 (5th Cir. 2019). Moreover, each element required to compel arbitration under the Convention is met. Accordingly, for these reasons and those that follow, Defendants' motion to compel arbitration and stay proceedings is **GRANTED**.

---

[1] ECF No. 9.

## I.    BACKGROUND

This first-party-insurance case arises from Defendants' alleged bad-faith handling of Plaintiff's commercial-property-insurance claim for damage that Plaintiff's Buffalo Wild Wings restaurant allegedly suffered during Hurricane Ida.[2]

Plaintiff operates and manages a Jefferson, Louisiana Buffalo Wild Wings restaurant.[3] Defendants insured that restaurant under a surplus lines commercial property insurance policy bearing Policy No. 2021-803245-01 (the "Policy").[4] The Policy contains a provision that requires arbitration of "[a]ll matters in dispute between you and us . . . in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance . . . ."[5] Under the Policy, "[a]ny Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal."[6]

Plaintiff submitted a claim under the Policy for damage that Plaintiff's Buffalo Wild Wings restaurant suffered during Hurricane Ida.[7] Plaintiff alleges that "Defendants' adjustment of the [c]laim was unreasonably low, unrealistic, and failed to provide the opportunity to properly conduct the needed repairs" to the property.[8]

---

[2] *See generally* ECF No. 1 at ¶¶ 1–41.

[3] *Id.* at ¶ 4.

[4] *Id.* at ¶ 5; *see also* ECF No. 9-3.

[5] ECF No. 9-3 at 39 (§ H.4.). The Policy defines "you" as "the Named Insured shown in the Declarations." *Id.* at 13. The "Named Insured shown in the Declarations" is Plaintiff. *Id.* at 2. The Policy defines "us" as "the Insurer providing this insurance." *Id.* at 13. The "Insurer[s] providing this insurance" are Independent Specialty Insurance Company and "Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021," which includes at least one entity with a principal place of business in the United Kingdom. *See id.* at 3 & 71.

[6] *Id.* at 40 (§ H.4.).

[7] ECF No. 1 at ¶ 11.

[8] *Id.* at ¶ 14.

2

Plaintiff further alleges that Defendants failed "to tender adequate insurance proceeds"[9] and "fail[ed] to comply with the terms of [their] own Policy."[10] Ultimately, Plaintiff sued Defendants in this Court for breach of the Policy and for bad faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[11] Defendants now move to compel arbitration and stay this litigation.[12] Plaintiff opposes.[13]

## II.   ANALYSIS

Defendants move to compel Plaintiff to arbitrate Plaintiff's breach-of-contract and bad-faith claims under the Convention.[14] Defendants contend that Plaintiff's claims come within the Policy's arbitration provision and that each element required to compel arbitration under the Convention is met.[15] Defendants add that other sections of this Court have compelled arbitration under commercial-property policies with arbitration provisions that are the same as, or substantially similar to, the Policy's arbitration provision.[16] Plaintiff rejoins that the arbitration agreement is

---

[9] *Id.* at ¶ 17.
[10] *Id.* at ¶ 19.
[11] *Id.* at ¶¶ 24–28 (breach of insurance contract) & ¶¶ 29–38 (bad faith).
[12] ECF No. 9.
[13] ECF No. 20.
[14] ECF No. 9 at 1.
[15] ECF No. 9-2 at 3–9
[16] *Id.* at 8 n.21 (citing *Am. Paint Bldg., LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-3308, 2023 WL 5608012, at *2 (E.D. La. Aug. 30, 2023) (Vance, J.); *Evergreen Assocs., Inc. v. Indep. Specialty Ins. Co.*, No. 23-CV-1689, 2023 WL 5333188, at *7 (E.D. La. Aug. 18, 2023) (Morgan, J.); *Ramsey v. Indep. Specialty Ins. Co.*, No. 23-CV-0632, —F. Supp. 3d—, 2023 WL 5034646, at *5 (E.D. La. Aug. 8, 2023) (Lemelle, J.); *Ten G, LLC v. Certain Underwriters at Lloyd's London*, No. 22-CV-4426, 2023 WL 4744170, at *8 (E.D. La. July 25, 2023) (Vitter, J.); *6101 Tullis Drive, LLC v. Interstate Fire & Cas. Ins. Co.*, No. 23-CV-1314, 2023 WL 4295716, at *3 (E.D. La. June 30, 2023) (Morgan, J.); *Thumbs Up Race Six, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-2671, 2023 WL 4235565, at *4 (E.D. La. June 28, 2023) (Ashe, J.); *Harvey v. Certain Underwriters at Lloyd's, London*, No. 22-CV-4049, 2023 WL 4485083, at *2 (E.D. La. June 6, 2023) (Milazzo, J.); *Goux Enters. v. Indian Harbor Ins. Co.*, 22-CV-4330, 2023 WL 2955305, at *4 (E.D. La. Apr. 14, 2023) (Vance, J.); *Arbors on the Lake 2018, LLC ex rel. Prime Roofing & Restoration, Inc. v. Certain Underwriters at Lloyd's, London*, No. 23-CV-192, 2023 WL 2785573, at *2 (E.D. La. Apr. 5, 2023) (Guidry, J.); *Ishwar Krupa, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-3240, 2023 WL 2917438, at *3 (E.D. La. Apr. 12, 2023) (Fallon, J.); *Stor-All Gentilly Woods,*

3

"invalid" under Section 22:868 of the Louisiana Revised Statutes.[17] And Plaintiff tries to distinguish two of the many cases in which sections of this Court have compelled arbitration of first-party claims in essentially identical circumstances.[18]

Defendants have shown that Plaintiff must arbitrate its breach-of-contract and bad-faith claims under the Convention. "The Convention is an international treaty that provides citizens of signatory countries the right to enforce arbitration agreements." *Bufkin Enters., L.L.C. v. Indian Harbor Ins. Co.*, 96 F.4th 726, 729 (5th Cir. 2024) (per curiam). "Its purpose is 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in signatory countries.'" *Id.* at 729–30 (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974)). The Federal Arbitration Act ("FAA") "codifies the

---

[17] ECF No. 20 at 1–4.

*LLC v. Indian Harbor Ins. Co.*, No. 22-CV-334, 2023 WL 2585982, at *5 (E.D. La. Mar. 21, 2023) (Africk, J.); *Antoine's Rest., LLC v. Certain Underwriters at Lloyd's, London*, No. 23-CV-229, 2023 WL 2302953, at *3 (E.D. La. Mar. 1, 2023) (Vitter, J.); *Ashi Houma Hotels, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-5289, 2023 WL 2263822, at *4 (E.D. La. Feb. 28, 2023) (Ashe, J.); *Bopp v. Indep. Specialty Ins. Co.*, 657 F. Supp. 3d 859, 866 (E.D. La. 2023) (Ashe, J.); *MWH Mini Storage, LLC v. Underwriters at Lloyd's London*, No. 22-CV-2760, 2023 WL 2436681, at *3 (E.D. La. Feb. 6, 2023) (Guidry, J.); *3401 N. Causeway Assocs., LLC v. Certain Underwriters at Lloyd's, London*, No. 22-CV-3787, 2023 WL 1765920, at *4 (E.D. La. Feb. 3, 2023) (Barbier, J.); *Par. of St. Charles v. HDI Glob. Specialty SE*, No. 22-CV-3204, 2023 WL 1419937, at *5 (E.D. La. Jan. 31, 2023) (Ashe, J.); *Olsen Secs. Corp. v. Certain Underwriters at Lloyd's London*, No. 22-CV-3120, 2023 WL 405437, at *6 (Jan. 25, 2023) (Brown, C.J.); *AJ's Shoes Outlet, LLC v. Indep. Specialty Ins. Co.*, No. 22-CV-1148, 2023 WL 358779, at *8 (Jan. 23, 2023) (Milazzo, J.); *150 Shady Arbors, LLC v. Certain Underwriters at Lloyds, London*, No. 22-CV-4752, 2023 WL 315943, at *2 (E.D. La. Jan. 19, 2023) (Ashe, J.); *Kronlage Fam. Ltd. P'ship v. Indep. Specialty Ins. Co.*, 651 F. Supp. 3d 832, 843 (E.D. La. 2023) (Brown, C.J.); *Acad. of Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London*, 651 F. Supp. 3d 822, 832 (E.D. La. 2023) (Africk, J.); *419 Carondelet, LLC v. Certain Underwriters at Lloyd's, London*, No. 22-CV-4311, 2023 WL 143318, at *3 (E.D. La. Jan. 10, 2023) (Vitter, J.); *Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.*, No. 22-CV-3874, 2023 WL 105337, at *4 (E.D. La. Jan. 4, 2023) (Fallon, J.)).

[18] *Id.* at 4–10 (discussing *Belmont Commons, LLC*, 2023 WL 105337, at *1–4; and *Par. of St. Charles*, 2023 WL 1419937, at *1–5).

Convention, providing that it 'shall be enforced in United States courts in accordance with [the FAA's terms].'" *Id.* at 730 (brackets in original) (quoting 9 U.S.C. § 201).

To decide if the Convention requires Plaintiff to arbitrate its claims, the Court "conduct[s] only a very limited inquiry." *Id.* (internal citation and quotation marks omitted). That "very limited inquiry" requires the Court to "compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen*.*" *Id.* (internal citation and quotation marks omitted). "Once these factors are met," the Court "must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted).

Each element is met here. The first element is met because the Policy contains a written arbitration agreement that covers Plaintiffs' claims. The Policy requires arbitration of "[a]ll matters in dispute. . . in relation to this insurance[] . . . ."[19] And Plaintiff's claims qualify as "matters in dispute . . . in relation to this insurance[]" because Plaintiff's claims stem from Defendants' alleged breach of the Policy and alleged mishandling of the claim Plaintiff submitted under the Policy.[20] The second element is met because the Policy requires arbitration in Nashville, Tennessee,[21] "which is located in a Convention signatory nation." *Bufkin Enters., L.L.C.*, 96 F.4th

---

[19] ECF No. 9-3 at 39 (§ H.4.).
[20] ECF No. 1 at ¶¶ 24–28 (breach of insurance contract) & ¶¶ 29–38 (bad faith).
[21] ECF No. 9-3 at 40 (§ H.4.).

at 730. The third element is met because the Policy's arbitration agreement arises out of an insurance contract, which is a commercial legal relationship. *See, e.g.*, *id.* (concluding the third element was met in arbitration agreement contained in insurance policy). And the fourth and final element is met because "Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021" are parties to the Policy, and that group of insurers includes at least one entity with a principal place of business in the United Kingdom.[22]

Accordingly, because all four elements are met, the Court "must order arbitration unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (brackets in original) (internal citation and quotation marks omitted). Plaintiff contends that the Court should not enforce the arbitration agreement for three principal reasons. None persuades.

First, Plaintiff contends that the arbitration agreement is "invalid" under Section 22:868 of the Louisiana Revised Statutes.[23] Not so. "The Convention is an exception to Louisiana's general bar on policy terms that deprive its state courts of jurisdiction and venue in actions against insurers." *Id.* at 732 (citing LA. STAT. ANN. § 22:868). Section 22:868 "is preempted by the Convention," so "the statute does not and cannot apply to [the] [P]olicy." *McDonnel Grp., L.L.C.*, 923 F.3d at 432.

---

[22] *Id.* at 3 & 71.
[23] ECF No. 20 at 1–4.

Second, Plaintiff contends that the Convention does not apply because one of the Defendants, Independent Specialty Insurance Company, "is a domestic insurance company and therefore not covered by the Convention."[24] Plaintiff is incorrect. The Convention does not require that all parties to the Policy's arbitration agreement be non-American citizens; the Convention requires just one non-American citizen party. *See Bufkin Enters., L.L.C.*, 96 F.4th at 730. And Plaintiff has not disputed that at least one non-American citizen is a party to the Policy's arbitration agreement.

If Plaintiff intends to argue that the Convention does not apply because Plaintiff believes that there are separate insurance contracts between Plaintiff and the domestic insurer, Independent Specialty Insurance Company, "arbitration must still be compelled under the doctrine of equitable estoppel." *Id.* That is because Plaintiff "has alleged substantially interdependent and concerted conduct by the domestic and foreign insurers." *Id.* at 731. Indeed, Plaintiff's complaint "does not differentiate between conduct of foreign and domestic insurers." *Id.* Plaintiff's complaint instead alleges that Defendants—jointly—breached the Policy and adjusted Plaintiff's commercial-property-insurance claim in bad faith based on the same underlying misconduct.[25] Accordingly, even if there were a separate insurance contract between Plaintiff and Independent Specialty Insurance Company only, Section 22:868 would still "not come into play[,]" and the arbitration agreement in the Policy would be "subject to the Convention through equitable estoppel." *Id.* at 732–33 (emphasis deleted). Any separate-contract argument therefore fails.

---

[24] *Id.* at 3.
[25] ECF No. 1 at ¶¶ 24–38.

Third, Plaintiff contends that this case is unlike two of the many cases in which sections of this Court have compelled arbitration of materially identical claims under materially identical policies.[26] According to Plaintiff, this case differs because it does not "involve[] commingling of a plethora of properties and/or insurance policies."[27] Plaintiff's proposed distinction is an unpersuasive one. Neither the Convention nor principles of equitable estoppel require "commingling of a plethora of properties and/or insurance policies."[28] Plaintiff cites no authority to the contrary.[29]

\*     \*     \*

In sum, the Convention requires the Court to compel arbitration of Plaintiff's claims against Defendants because each of the elements necessary to compel arbitration under the Convention is met, and the arbitration agreement in the Policy is not "null and void, inoperative or incapable of being performed." *Bufkin Enters., L.L.C.*, 96 F.4th at 730 (internal citation and quotation marks omitted).[30]

---

[26] ECF No. 20 at 9 (citing *Belmont Commons, LLC*, 2023 WL 105337, at \*1–4; and *Par. of St. Charles*, 2023 WL 1419937, at \*1–5).

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] Because the Court concludes that the Convention requires Plaintiff to arbitrate its claims, the Court need not address Defendants' alternative argument that the Court should compel arbitration under the FAA, ECF No. 9-2 at 14–15, nor Plaintiff's argument about the scope of Section 22:868(D)'s carveout for "forum or venue selection clause[s] in a policy form that is not subject to approval by the Department of Insurance," LA. STAT. ANN. 22:868(D); *see* ECF No. 20 at 3–8. *Accord, e.g.*, *Bufkin Enters., L.L.C.*, 96 F.4th at 733 (concluding the question whether Section 22:868 applies to surplus lines insurers was "not a live issue" given the conclusion that the Convention required arbitration).

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion[31] to compel arbitration and stay proceedings is **GRANTED**. Plaintiff and Defendants are compelled to arbitrate Plaintiff's claims in accordance with the terms of the arbitration agreement in the Policy. This action is **STAYED** pending arbitration. Defendants' motion[32] for review of Magistrate Judge Roby's order denying Defendants' motion to opt out of the streamlined settlement program is **DENIED AS MOOT**. The Clerk's Office is respectfully directed to close this case for administrative and statistical purposes.

New Orleans, Louisiana, this 18th day of April, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[31] ECF No. 9.
[32] ECF No. 28.